# In the United States Court of Federal Claims

No. 26-687C

(Filed: May 26, 2026)

|  |  |
|---|---|
| THEODORE WASHINGTON, ET AL., | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| **v.** | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |
| | ) |

## OPINION AND ORDER

On May 7, 2026, Plaintiffs, Theodore Washington and Midia Haydari, proceeding *pro se*, filed a complaint in this Court against Judges Heidi Pasichow and John Campbell, both of whom appear to serve — or have served in the past — as judges on the Superior Court for the District of Columbia. ECF No. 1 ("Compl."). Later that same day, Mr. Washington filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 2. On May 13, 2026, this Court granted Mr. Washington's IFP application, and stayed the case to review the complaint for probable lack of jurisdiction. ECF No. 7; *see* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") (requiring that, in the absence of subject-matter jurisdiction, this Court "must dismiss the action"). This Court further ordered Plaintiff, Ms. Haydari, to either file an IFP application or pay the required filing fee. ECF No. 7 at 1.[1]

This Court holds a *pro se* plaintiff's pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, "even *pro se* plaintiffs must persuade the court that jurisdictional requirements have been met." *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019). "It is well-established that the plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence." *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

---

[1] At the time of issuance of this opinion and order, Ms. Haydari had not yet complied with this Court's order.

As discussed in more detail below, this Court dismisses Plaintiffs' complaint, *sua sponte*, pursuant to RCFC 12(h)(3) because Plaintiffs' complaint lacks factual allegations that amount to a claim within this Court's jurisdiction. *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (*sua sponte* dismissal for lack of subject matter jurisdiction).

## I.    JURISDICTION

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain *monetary claims* against the *United States*." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (emphasis added) (discussing 28 U.S.C. § 1491). Indeed, this Court's jurisdiction is limited to claims against the United States. *See Double Lion Uchet Express Tr. v. United States*, 149 Fed. Cl. 415, 420 (2020) ("[I]n the Court of Federal Claims, 'the only proper defendant . . . is the United States, not its officers, nor any other individual.'" (quoting *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003))).

Assuming the United States is properly named as the defendant, the Tucker Act, 28 U.S.C. § 1491(a)(1), provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Instead, "[a] plaintiff must therefore identify a separate source of substantive law that creates the right to money damages." *Boaz Hous. Auth. v. United States*, 994 F.3d 1359, 1364 (Fed. Cir. 2021). For "money-mandating" claims, a plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967). That is, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Mitchell*, 463 U.S. at 216.

## II.    DISCUSSION

Plaintiffs' claims are difficult to decipher and do not comply with the Rules of this Court, which require that "[e]ach allegation must be simple, concise, and direct." RCFC

2

8(d)(1).  Nevertheless, considering Plaintiffs' *pro se* status, this Court attempts to make some sense of the complaint.

As best as this Court can tell, Plaintiffs' claims arise from proceedings in connection with Plaintiffs' failure to make payments for a home mortgage loan. Compl. at 1-2.  Plaintiffs allege that the mortgage loan, made by U.S. Bank through a program administered by the United States Department of Housing and Urban Development's Federal Housing Administration ("FHA"), was issued in violation of federal law. This allegation appears to stem from a 2014 settlement reached between the government and U.S. Bank concerning alleged financial misconduct by the bank in connection with its participation in the FHA mortgage program.  While Plaintiffs' contentions are far from clear, this Court understands Plaintiffs to allege that, as a result of the settlement, mortgages issued by U.S. Bank under the FHA program — including Plaintiffs' mortgage — are unenforceable.  *Id.*

The alleged wrongs perpetrated against Plaintiffs include: (1) Judge Campbell's attaching Mr. Washington's name to a summary judgment ruling against Ms. Haydari; (2) the eviction of Plaintiffs from their home pursuant to a ruling from Judge Pasichow; (3) Fifth Amendment due process violations; and (4) the Superior Court's failure to appoint an attorney for Plaintiffs' proceedings in violation of the Sixth Amendment. Compl. at 1-2.  Plaintiffs seek monetary damages of $30,000,000 from each defendant. *Id.* at 3.

For the reasons explained below, this Court dismisses, *sua sponte*, Plaintiffs' complaint for lack of subject matter jurisdiction pursuant to RCFC 12(h)(3).  *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*."); *Kissi*, 493 F. App'x at 58.

*First*, the named Defendants appear to be judges on the Superior Court for the District of Columbia.  Compl. at 2.  Insofar as Plaintiffs are seeking relief against judicial officers of the District of Columbia, this Court lacks jurisdiction to hear Plaintiffs' claims — whether Plaintiffs are suing the judges in their individual or official capacities.  *Banks v. United States*, 726 F. App'x 823, 824 (Fed. Cir. 2018) (concluding this Court lacks jurisdiction over District of Columbia courts and judges); *see also Horn v. United States*, 2023 WL 6182544, at *4 (Fed. Ct. Sep. 22, 2023) (concluding this Court's jurisdiction does not extend to claims against District of Columbia judges (citing *Poblete v. United States*,

2017 WL 6334790, at *4 n.3 (Fed. Cl. Dec. 12, 2017) ("District of Columbia and its courts are not agents of the United States."))).

*Second*, even to the extent that Plaintiffs allege claims against the United States, they "d[o] not assert any claims deriving from money-mandating sources of law not sounding in tort" that would place their claims within this Court's jurisdiction. *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015).

The various constitutional amendments referenced by Plaintiffs are not money-mandating provisions. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (holding that the Due Process Clause of the Fifth Amendment is not money mandating and therefore this Court lacks jurisdiction over Due Process claims); *Mercer v. United States*, 668 F. App'x 362, 363 (Fed. Cir. 2016) ("[T]he Sixth Amendment does not mandate the payment of money damages by the United States."). Moreover, this Court does not have jurisdiction to review judicial decisions from other courts. *Straw v. United States*, 4 F.4th 1358, 1361 (Fed. Cir. 2021) ("[T]he Claims Court does not have jurisdiction to review the decisions of federal district courts." (citing *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1384–85 (Fed. Cir. 2017))); *Kelly v. United States*, 2022 WL 1020283, at *2 (Fed. Cir. Apr. 6, 2022) ("[I]f [plaintiff] is asking this court or the Court of Federal Claims to review the district court's decision or its actions in that case, it is not within our or the Court of Federal Claims' jurisdiction to do so.").

At best, Plaintiffs assert tort claims against people or entities other than the United States. Accordingly, this Court lacks jurisdiction to decide this case.

### III.    CONCLUSION

Plaintiffs' complaint lacks *any* factual allegations that amount to a claim within this Court's jurisdiction. Accordingly, this case is **DISMISSED** for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). The Clerk of the Court is directed to enter **JUDGMENT** for the government.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Chief Judge
